International Union, United Automobile, Aircraft and Agricultural Implement Workers of America, CIO, Local No. 866 Springfield, Ohio, Plaintiffs,

v.

The BUFFALO-SPRINGFIELD ROLLER COMPANY, Defendant.

Civ. No. 1784.

United States District Court
S. D. Ohio, W. D., at Dayton.
Dec. 20, 1954.

Sol Goodman, Cincinnati, Ohio, for plaintiffs.

Corry, Durfey, Martin & Browne, Springfield, Ohio, for defendant.

CECIL, District Judge.

This case is before the Court on the defendant's motion to dismiss and in the

**668**

alternative, to require the plaintiffs to amend their complaint by making a more definite statement.

The complaint sets out that this suit is brought under the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185, that the plaintiffs are "labor organizations" within the meaning of said Act, and that the defendant is an "employer engaged in an industry affecting interstate commerce" within the meaning of said Act.

The complaint alleges that a certain labor dispute occurred at defendant's plant, that certain employees were left unemployed as a result thereof, and that the defendant has refused to arbitrate the alleged grievance, as required by an employment contract between the parties, and demands the Court to compel arbitration.

The motion to dismiss is founded upon the theory that specific performance of an agreement to arbitrate is not enforceable. The defendant relies on Ohio law and on the case of Gatliff Coal Co. v. Cox, 142 F.2d 876, as the controlling authority in the Sixth Circuit.

The Court is of the opinion that Ohio law is not applicable. Congress, by occupying the field of labor management relations, has closed the field to state regulation. International Union of Operating Engineers Local No. 181 v. Dahlem Construction Co., 6 Cir., 193 F.2d 470; International Union of United Automobile, etc., Workers of America, CIO, v. O'Brien, 339 U.S. 454, 70 S.Ct. 781, 94 L.Ed. 978.

It may be true that the Gatliff case, supra, held the Arbitration Act, 9 U.S. C.A., not applicable to employment contracts. A more recent decision, however, is Milk & Ice Cream Drivers and Dairy Employees Union, Local No. 98, v. Gillespie Milk Products Corporation, 6 Cir., 203 F.2d 650. This case would seem to authorize full enforcement of employment contracts under the Taft-Hartley Law, 29 U.S.C.A. § 185. See also Industrial Trades Union of America v. Woonsocket Dyeing Co., Inc., D.C., 122 F.Supp. 872; Textile Workers Union of America (CIO) v. American Thread Co., D.C., 113 F.Supp. 137.

The Court is of the opinion that the intent of Congress in enacting the Taft-Hartley Act was to allow full enforcement of employment contracts under the Act and that arbitration may be enforced accordingly.

The motion to dismiss will be overruled.

It is the opinion of the Court that the motion to require a more definite statement is not well taken. It would seem to the Court that the complaint sufficiently advises the defendant of the plaintiffs' claim. The defendant probably has a copy of the alleged employment contract from which it can determine for itself, the provisions thereof. The information sought relative to the 34 employees is adequately set out in the complaint.

This motion accordingly will be overruled.

An order may be drawn overruling the motion in its entirety.